UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHAEL SCOTT CROSBY (#535781)

VERSUS                                              CIVIL ACTION

BURL N. CAIN                                        NUMBER 09-1045-JJB-SCR

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, March 12, 2010.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHAEL SCOTT CROSBY (#535781)

VERSUS                                                CIVIL ACTION

BURL N. CAIN                                          NUMBER 09-1045-JJB-SCR

SUPPLEMENTAL MAGISTRATE JUDGE'S REPORT

A magistrate judge's report was submitted to the district judge recommending that the plaintiff's complaint be dismissed as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(i) unless the plaintiff amends his complaint (1) to name as a defendant the person responsible for returning his mail and (2) to allege facts against the defendant which rise to the level of a constitutional violation.[1] Plaintiff filed an objection to the magistrate judge's report.[2]

The district judge referred the case back to the magistrate judge for such action as may be appropriate.[3] A hearing was held pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to determine whether the plaintiff's complaint should be dismissed as frivolous.

Pro se plaintiff, an inmate confined at Louisiana State

---

[1] Record document number 4.

[2] Record document number 5.

[3] Record document number 6.

Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Burl Cain.  Plaintiff alleged that outgoing mail was mishandled in violation of his constitutional rights.  Specifically, the plaintiff alleged that he submitted three letters to prison officials for mailing.  Plaintiff alleged that one letter was addressed to the FBI, one was addressed to Carey J. Ellis, III, his criminal trial attorney, and the third was addressed to the ARP screening officer at Hunt Correctional Center.[4]  Plaintiff alleged that the letters to Ellis and the HCC screening officer were returned on the grounds that the letters were not "legal" mail.  The letter to the FBI was not returned.  Exhibits attached to the plaintiff's complaint showed that the plaintiff submitted the letters for mailing through the indigent legal mail procedure which requires that the addressee and his capacity be clearly identified on the envelope for verification purposes.

Plaintiff argued in his objection to the magistrate judge's report that he was unable to perfect a direct appeal of his criminal conviction because the letter to Ellis was not mailed. However, an appeal was perfected, the plaintiff asserted several pro se assignments of error on appeal, and his conviction and sentence were affirmed.  *State of Louisiana v. Michael Scott*

---

[4] Plaintiff was confined at Hunt before he was transferred to Angola.

*Crosby*, 43,864 (La. App. 2d Cir. 4/8/09), 6 So.3d 1281.

At the *Spears* hearing, the plaintiff explained that he properly addressed the letter to his attorney, sealed it and submitted it for mailing through the prison mail room. Plaintiff stated that the envelope containing the letter was returned, unopened, with a notation that the letter was "not legal" and in accordance with prison mail policy must be posted unsealed. Plaintiff stated that he wrote a notation on the back of the envelope explaining that the addressee was his appellate attorney and then resubmitted the letter in the original envelope. Plaintiff stated that the letter was returned a second time. Plaintiff stated that he then opened the letter, placed it in a new envelope, and sent it again. Plaintiff stated that his attorney referenced the letter in subsequent correspondence, indicating that the plaintiff's letter was received.[5] Plaintiff stated that it took no more than two or three days to successfully mail the letter to his attorney. Plaintiff could not identify any specific injury he sustained as a result of the 2-3 day delay.

Plaintiff stated that the second letter was directed to the administrative grievance screening officer at HCC inquiring about the status of an administrative grievance filed at that institution before he was transferred to Angola. Plaintiff stated that like

---

[5] At the *Spears* hearing, the plaintiff introduced into evidence a copy of the letter and original envelope.

3

the letter to his attorney, the letter to the administrative grievance screening officer was returned and then resubmitted in the same envelope with a note on the back.  This letter was also returned.  Plaintiff then placed the letter in another envelope and submitted it for mailing.  Plaintiff conceded that the letter in the second  envelope was not returned and he has no evidence or reason to believe that it was not mailed.[6]  Plaintiff argued that officials at HCC had reason to destroy his letter upon receipt to delay the processing of his administrative grievance, but he could not offer any evidence that personnel at Angola failed to mail his letter.

As noted in the Magistrate Judge's Report, the plaintiff failed to make any allegations against Warden Burl Cain which rise to the level of a constitutional violation.  *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983).  Moreover, even if the plaintiff had named as a defendant the person responsible for returning his mail, the allegations are insufficient to rise to the level of a constitutional violation because there is no showing of detriment caused by the challenged conduct.  Some showing of detriment caused by the challenged conduct must be made in order to succeed on a claim alleging a deprivation of the right to meaningful access to the courts.  *Howland v. Kilquist*, 833 F.2d 639, 642 (7th Cir.

---

[6] Plaintiff introduced a copy of the envelope addressed to the administrative screening officer but he did not have a copy of the letter to the screening officer.

1987).

For the reasons set forth in the magistrate judge's report issued December 18, 2009, as supplemented herein, the plaintiff's complaint should be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(i).

Baton Rouge, Louisiana, March 12, 2010.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE